<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | : | |
| **NETWORLD COMMUNICATIONS,** | : | |
| **CORP.,** | : | |
| | : | **Civil Action No. 13-4770 (SDW)** |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **v.** | : | **Opinion** |
| | : | |
| **CROATIA AIRLINES, D.D., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | **September 23, 2014** |

**WIGENTON,** District Judge.

    **I.**    **INTRODUCTION**

This matter comes before the Court on the motion of Defendants Croatia Airlines, D.D. ("OU") and Lidija Saban ("Saban") (collectively, "Defendants") to dismiss on the grounds of *forum non conveniens*. Dkt. No. 26. Plaintiff Networld Communications Corp. ("NCC") opposes this motion. Dkt. No. 36. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion is **DENIED**.

    **II.**    **BACKGROUND**

NCC is a New Jersey corporation with its principal place of business in Parsippany, New Jersey. <u>See</u> First Am. Compl., Dkt. No. 11 ¶ 9. OU is a publicly traded Croatian corporation headquartered in Zagreb, Croatia, with the majority of its stock owned by the Croatian government.

Id. at ¶ 10.   Defendant Saban is an OU employee who, for the past decade, was primarily responsible for OU's relationship with NCC.  Id. at ¶ 11.

Since at least 1997, NCC has served as OU's General Sales Agent ("GSA") in the United States and Canada.  Id. at ¶ 2.  As GSA, NCC had a variety of responsibilities relating to the marketing and sale of OU flights to North American customers, including establishing relationships with travel agents, implementing sales initiatives, and providing customer call center services.  Id.  During the time period in which NCC served as GSA, OU saw its North American sales grow from $2 million in 1997 to $26 million in 2012.  Id.

NCC and OU's relationship was governed by a General Sales Agency Agreement ("Agency Agreement").  The Agency Agreement was executed by the parties on July 1, 2011, became effective January 1, 2012, and was to last for four years.  See id. at ¶ 3; see also Agency Agreement, attached as Ex. A to First Am. Compl., Dkt. No. 11-1.  Importantly for the instant motion, the Agency Agreement contained the following provision:

> Article 24
>
> Governing Law – Choice of Jurisdiction
>
> This Agreement shall be governed by and construed in accordance with the laws of the Republic of Croatia.
>
> . . . .
>
> All disputes arising out of this Agreement that cannot be resolved by negotiation shall be submitted to the court of competent jurisdiction in Zagreb, Republic of Croatia, which jurisdiction shall be non-exclusive.

See Agency Agreement, attached as Ex. A to First Am. Compl., Dkt. No. 11-1.

On or about July 30, 2013, OU notified NCC that it was terminating the Agency Agreement effective September 1, 2013.  First Am. Compl., Dkt. No. 11 ¶ 4.

2

NCC brought suit against OU on September 8, 2013.  See Compl., Dkt. No. 1.  NCC's First Amended Complaint was filed on December 9, 2013.  See First Am. Compl., Dkt. No. 11.  In this pleading, NCC asserts, *inter alia*, OU breached the Agency Agreement by terminating the contract without good cause and, further, that Defendants engaged in a fraudulent conspiracy to deprive NCC of commissions and other revenue to which NCC is entitled.  See id.  NCC alleges the following causes of action: (1) breach of contract for improper termination; (2) breach of the implied covenant of good faith and fair dealing for improper termination; (3) breach of contract for failure to pay amounts due; (4) breach of the implied covenant of good faith and fair dealing for failure to pay amounts due; (5) fraud; (6) breach of the contract for cancellation and return of the guarantee; (7) declaratory judgment; (8) accounting; (9) unjust enrichment; and (10) tortious interference with contract.  See id.

On February 21, 2014, OU filed the instant motion to dismiss on *forum non conveniens* grounds.  See Dkt. No. 26.  After the motion was fully briefed, see Dkt. Nos. 37, 38, NCC filed a motion seeking to either strike a portion of OU's reply or file a sur-reply.  See Dkt. No. 39.  On April 15, 2014, the Court denied NCC's motion to strike, but granted NCC leave to file a sur-reply.  See Order, Dkt. No. 42.

## III.  ANALYSIS

Defendants seek to dismiss the instant litigation based upon the presence of a forum selection clause in the Agency Agreement.  See Def. Br., Dkt. No. 26-1, at 5.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."  Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex., 134 S. Ct. 568, 580 (2014).  While 28 U.S.C. § 1404(a) is inapplicable in such cases, "because both § 1404(a) and the forum non conveniens doctrine from

3

which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." Id.

Traditionally, when considering a motion to dismiss based on *forum non conveniens* grounds*,* a district court would analyze: (1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors. Tech. Dev. Co., Ltd. v. Onischenko, 174 F. App'x 117, 119-20 (3d Cir. 2006). It was the defendant's burden to demonstrate that an adequate alternative forum exists as to all defendants and that public and private interest factors weighed heavily for dismissal. See Lacey v. Cessna Aircraft Co., 862 F.2d 38, 44 (3d Cir. 1988) ("Lacey I").

Recently, however, the Supreme Court addressed the application of the traditional *forum non conveniens* analysis to a dispute in which the parties had agreed to a mandatory forum selection clause and the plaintiff sought to bring suit in a different forum. See Atlantic Marine, 134 S. Ct. at 581. The Supreme Court reasoned that, because a forum selection clause "represents the parties' agreement as to the most proper forum," a forum selection clause "should be given controlling weight in all but the most exceptional cases." Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31, 33 (1988)). Therefore, the Supreme Court held that, because the plaintiff agreed to bring disputes only in a specific forum, the plaintiff's choice of a different forum would be accorded no weight, the plaintiff would bear the burden of demonstrating dismissal was unwarranted, and the Court would not consider the private interest factors in its analysis. Id. at 581-82.

The forum selection clause in Atlantic Marine was mandatory and the Supreme Court did not address whether its holding should apply to cases in which the parties agreed to a permissive

4

forum selection clause.[1]  While the Third Circuit has not directly addressed the issue, a majority of courts have declined to apply Atlantic Marine in cases involving permissive forum selection clauses.  See Fin. Cas. & Sur., Inc. v. Parker, No. 14-0360, 2014 WL 2515136, at *3 (S.D. Tex. June 4, 2014) (noting courts have "consistently declined to apply Atlantic Marine" when analyzing a permissive forum selection clause); see also RELCO Locomotives, Inc. v. AllRail, Inc., --- F. Supp. 2d ----, 2014 WL 1047153, at *8 (S.D. Iowa Mar. 5, 2014); Residential Fin. Corp. v. Jacobs, No. 13-1167, 2014 WL 1233089, at *3 (S.D. Ohio Mar. 25, 2014); United States ex rel. MDI Servs., LLC v. Fed. Ins. Co., No. 13-2355, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014). But see United Am. Healthcare Corp. v. Backs, No. 13-13570, 2014 U.S. Dist. LEXIS 17408, at *20-21 (E.D. Mich. Feb. 12, 2014).[2]

In this case, the forum selection clause provides in pertinent part:

> All disputes arising out of this Agreement that cannot be resolved by negotiation shall be submitted to the court of competent jurisdiction in Zagreb, Republic of Croatia, which jurisdiction shall be **non-exclusive**.

See Agency Agreement, attached as Ex. A to First Am. Compl., Dkt. No. 11-1 (emphasis added). Here, the Court concludes that the Agency Agreement's forum selection clause is permissive.  If the forum selection clause ended after the word "Croatia," the clause might be construed as mandatory.  The inclusion of the modifier "which jurisdiction shall be non-exclusive[,]" however,

---

[1] "'A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere,' whereas '[a] mandatory clause . . . dictates an exclusive forum for litigation under the contract.'"  See Dawes v. Publish Am. LLLP, 563 F. App'x 117, 118 (3d Cir. 2014) (quoting Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004)).

[2] The Third Circuit has continued to draw a distinction between permissive and mandatory forum selection clauses since Atlantic Marine was decided.  See Dawes, 563 F. App'x at 118 (reversing district court for concluding that a permissive forum selection mandated dismissal).

evidences the parties' intent that Zagreb is not the only forum in which disputes arising from the contract can be brought.[3]

Given that the forum selection clause here is permissive, this Court is satisfied that the traditional *forum non conveniens* test embraced by the majority of post-<u>Atlantic Marine</u> courts should be utilized here.

**A.  Availability of an Alternative Forum**

Defendants argue that Croatia is an adequate alternative forum because they are amenable to process in Croatia and NCC's claims are cognizable in Croatian courts.  <u>See</u> Defs. Br., Dkt. No. 26-1, at 10.  In support of its assertion that NCC's claims are cognizable, Defendants submit a declaration from Danijela Simeunović, a Croatian attorney.   <u>See</u> Declaration of Danijela Simeunović ("Simeunović Decl."), Dkt. No. 26-3. Ms. Simeunović asserts that the instant dispute would be heard in a special commercial court.  <u>See id.</u> ¶ 4.  Ms.  Simeunović also declares:

> Croatian law recognizes an action for breach of contract as a viable cause of action against a defendant.  Croatian law also recognizes a number of other causes of action relating to a party's performance under a contract.  Additionally, the Civil Obligations Law requires contracting parties to act in accordance with good faith and fair dealing.

> Croatian law recognizes the causes of action of unjust enrichment and fraud.

> The Civil Obligations Law provides that a non-breaching party may recover compensatory damages due under the agreement.

> The Courts in Croatia permit and require the exchange of statements, documents, and records bearing on the matters relating

---

[3] The parties do not address whether federal, New Jersey, or Croatian law should govern this Court's interpretation of the forum selection clause and what, if any, effect this choice of law would have on this Court's interpretation of Article 24.  As this Court is not aware of any decisions in those jurisdictions that suggest a court should ignore entire provisos within a forum selection clause, this Court concludes that the forum selection clause is permissive.

to the dispute.  The Croatian courts would have the power to compel witnesses residing in Croatia to testify at trial.

Id. at ¶¶ 8-11.  Finally, Defendants agreed to condition dismissal on their voluntary submission to the jurisdiction of the courts of Zagreb, Croatia.  Def. Br., Dkt. No. 26-1, at 9.

Even though NCC specifically agreed that any dispute arising from the Agency Agreement could be brought in Croatia, NCC nonetheless argues Croatia is not an appropriate alternative forum because Croatia's legal system has "been in a state of crisis for several decades[,]" adjudicating the dispute in Croatia could take over a decade, the Croatian Government (as OU's majority shareholder) will likely influence any proceedings against OU in a Croatian court, Croatia does not have a direct counterpart to the New Jersey Sales Representative Rights Act or recognize the causes of action for tortious interference with contract or for an accounting, and Croatian courts are without power to compel production of documents if a party refuses to produce them.  See Pl. Opp'n Br., Dkt. No. 36; Declaration of Professor Alan Uzelac in Opposition to Defendants' Motion to Dismiss on Forum Non Conveniens Grounds, Dkt. No. 36-2 ¶¶ 9-36; Declaration of Zoran Marković in Opposition to Defendants' Motion to Dismiss on Forum Non Conveniens Grounds, Dkt. No. 36-3 ¶¶ 4-5.

In contrast, Defendants argue Croatia's judicial system has significantly improved since Croatia became a member of the EU in 2013 and various recent changes to Croatian law significantly undercut Professor Uzelac's representations.  See Affidavit of Marko Baretić ("Baretić Aff."), Dkt. No. 38-1 ¶¶ 5-36; Joint Declaration of Danijela Simeunović and Rakto Žurić ("Joint Decl."), Dkt. No. 38-2 ¶¶ 6-24.

A proposed alternative forum is appropriate when: (1) the defendant is amenable to process in that jurisdiction; and (2) the lawsuit's subject matter is cognizable in the alternative forum and provides the plaintiff with a redress.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981).

Courts have also held, however, that "[i]n 'rare circumstances' where the remedy available in the other jurisdiction is 'clearly unsatisfactory,' the threshold requirement will not be met, and the court will find dismissal improper." Windt v. Qwest Commc'ns Int'l, Inc., 544 F. Supp. 2d 409, 418 (D.N.J. 2008). Nonetheless, "the unavailability of a theory of recovery or the possibility of lesser damages cannot render the alternative forum inadequate." Id. The amount of evidence required to demonstrate an adequate alternative forum depends on the facts of the case. Lacey I, 862 F.2d at 44. Here, Defendants satisfy the first prong by consenting to the Croatian courts' jurisdiction over them. See Defs. Br., Dkt. No. 26-1, at 9.

Defendants have also established NCC's suit is cognizable in Croatia and that forum would provide NCC with adequate redress. First, it should be noted that even prior to Croatia's recent judicial reforms, other courts had concluded Croatia was a satisfactory forum. E.g., Cortect Corp. v. Erste Bank Ber Oesterreichischen Sparkassen AG, 535 F. Supp. 2d 403, 410 (S.D.N.Y. 2008); Radeljak v. Daimlerchrysler Corp., 475 Mich. 598 (2006). Additionally, as set forth in Professor Baretić's affidavit and Ms. Simeunović and Mr. Žurić's joint declaration, the Croatian legal system has only improved since Croatia joined the European Union. See, e.g., Joint Decl., Dkt. No. 38-2 ¶¶ 6-20; Baretić Aff., Dkt. No. 38-1 ¶¶ 8-9, 13, 15-28.

This Court rejects NCC's argument that it would be left with an unsatisfactory remedy. Even if NCC is correct that some of its causes of action do not have direct Croatian analogues, "the unavailability of a theory of recovery or the possibility of lesser damages cannot render the alternative forum inadequate." Windt, 544 F. Supp. 2d at 418; Archut v. Ross Univ. Sch. of Veterinary Med., No. 10-1681, 2013 WL 591375, at *5 (D.N.J. Oct. 13, 2013). Additionally, while the Third Circuit has held that it was not an abuse of discretion for a district court to conclude an extreme litigation delay could render an alternative forum unsatisfactory, see Bhatnagar v.

Surrenda Overseas Ltd., 52 F.3d 1220, 1228 (3d Cir. 1995), the possibility of some delay in Croatia does not leave NCC with a clearly unsatisfactory remedy.[4]  Finally, NCC's claim that it would be left without a satisfactory remedy because of Croatia's ownership of OU's stock is rejected.  See Joint Decl., Dkt. No. 38-2 ¶¶ 21-23; Baretić Aff., Dkt. No. 38-1 ¶¶ 29-37; see also Communication from the Commission to the European Parliament and the Council, Monitoring Report on Croatia's Accession Preparations, attached as Ex. B to Baretić Aff., Dkt. No. 38-1; U.S. State Department, Croatia 2013 Human Rights Report, at 3, *available at* http://www.state.gov/documents/organization/220476.pdf ("The law provides for an independent judiciary, and the government generally respected judicial independence."); Blanco v. Banco Indus. de Venezuela, 997 F.2d 974, 982 (2d Cir. 1993) ("we have repeatedly emphasized that '[i]t is not the business of our courts to assume the responsibility for supervising the integrity of the judicial system of another sovereign nation.'") (quoting Chesley v. Union Carbide Corp., 927 F.2d 60, 66 (2d Cir. 1991)); Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 290 (5th Cir. 1989).

Based upon the foregoing, this Court concludes Croatia is an adequate alternative forum.

**B.  Deference to Plaintiff's Forum Choice**

Given the presence of a permissive forum selection clause, it is appropriate to give less deference to Plaintiff's forum choice.  See Koger, Inc. v. O'Donnell, No. 07-3091, 2007 WL 3232586, at *3 (D.N.J. Oct. 31, 2007) (upholding then-Magistrate Judge Shwartz's determination

---

[4] It should be noted that the Bhatnagar Court did not find, *de novo*, that India was an inadequate alternative forum.  Instead, the court simply found it was not an abuse of discretion for the district court to reach that conclusion.  Bhatnagar, 52 F.3d at 1230.  In fact, the Third Circuit stated, "Furthermore, another district court presented with the same raw evidence might reach different factual conclusions, and we might be constrained under our lenient standards of review to affirm in that case, as well."  Id.

that a native plaintiff's forum choice should be given less deference in the face of a permissive forum selection clause); see also Princeton Football Partners LLC v. Football Ass'n of Ir., No. 11-5227, 2012 WL 2995199, at *6 n.6 (D.N.J. July 23, 2012); Monach Envtl., Inc. v. Velocitor Solutions, No. 11-3041, 2011 WL 4499270, at *3 (D.N.J. Sept. 27, 2011).[5]

### C. Public & Private Interest Factors

As recently reiterated by the Third Circuit:

> Private interests to consider include the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial. Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty.

Kisano Trade & Invest Ltd. v. Lemster, 737 F.3d 869, 873 (3d Cir. 2013).  Even though less deference is accorded to NCC's choice of forum due to a permissive forum selection clause, Defendants "must still prove that the private and public balancing factors outweigh the plaintiff's choice of forum, and the Court must find that the balances are more than merely 'tipped' in favor of the defendants."  Koger, 2007 WL 3232586, at *4 (citing Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 640 (3d Cir. 1989)).

---

[5] While these cases were decided prior to Atlantic Marine and involved permissive forum selection clauses, other courts within this Circuit have suggested that Atlantic Marine supports the proposition that a permissive forum selection clause's presence nonetheless undercuts certain private interest arguments (e.g., the forum would be inconvenient for parties or witnesses.  See AAMCO Transmissions, Inc. v. Romano, --- F. Supp. 2d ----, 2014 WL 4105986, at *9 (E.D. Pa. Aug. 21, 2014).

## 1.   Private Interest Factors

Defendants argue two private interest factors favor dismissal.  First, Defendants aver the ease of access to sources of proof supports dismissal because OU's documents are located in Croatia.  See Defs. Br., Dkt. No. 26-1, at 15.  As NCC correctly notes, however, the location of books and records is accorded much less deference in the digital age, when document production can occur electronically.  See Mercedes-Benz USA, LLC v. ATX Group, Inc., 2009 WL 2255727, at *4 (D.N.J. July 27, 2009); GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharma. Corp., No. 05-898, 2005 WL 1116318, at *8 (D.N.J. May 10, 2005).  Additionally, in determining whether Defendants deprived NCC of earned commissions or other income, the parties will need to compare NCC's and OU's records.  Therefore, any inconvenience suffered by OU in producing its records in New Jersey will be equally felt by NCC when producing its records in Croatia.  As such, this factor does not favor either forum.

Defendants also represent that a number of relevant witnesses are located in Croatia or Germany and, therefore, are outside the subpoena power of this Court.  Defs. Br., Dkt. No. 26-1, at 14-15.  It is true that both parties identify a number of witnesses that are located outside the subpoena power of this Court and the Court should consider the availability of compulsory process when balancing the public and private interest factors.  See Defendants' Initial Disclosures, attached as Ex. A to Certification of Marissa N. Lefland in Support of Defendants' Motion to Dismiss the First Amended Complaint on *Forum Non Conveniens* Grounds ("Lefland Cert."), Dkt. No. 26-2; Plaintiff's Initial Disclosures, attached as Ex. B to Lefland Cert.; see also Havens v. Maritime Communications/Land Mobile LLC, No. 11-993, 2014 WL 2094035, at *2 (D.N.J. May 20, 2014); Koger, 2007 WL 3232586, at *5.  Nevertheless, this factor does not strongly weigh in favor of dismissal because NCC has identified a number of non-party witnesses with relevant

information located in the United States who are likely outside the Croatian courts' subpoena power. Additionally, Defendants have failed to provide sufficient evidence for this Court to determine if these witnesses would not appear at trial and the materiality of their testimony. See Delta Air Lines, Inv. v. Chimet, S.p.A., 619 F.3d 288, 299 (3d Cir. 2010). Compare Plum Tree, Inc. v. Stockment, 488 F.2d 754, 757 n.2 (3d Cir. 1973), Monarch, 2011 WL 4499270, at *4, Dilmore v. Alion Science & Tech. Corp., No. 11-72, 2011 WL 1576021, at *7 (W.D. Pa. Apr. 21, 2011), Security Police & Fire Prof'ls of Am. Retirement Fund v. Pfizer, Inc., No. 10-3105, 2011 WL 5080803, at *7 (D.N.J. Oct. 25, 2011), and Pittsburgh Logistics, 2010 WL 170403 at *5, with See Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP, Ltd., 860 F. Supp. 1055, 1066 (D.N.J. 1994) (granting motion to dismiss when circumstances suggested key witness would refuse to testify). Fourth, despite the parties' vigorous disagreement over the cost non-party witnesses would incur in traveling to Croatia or New Jersey, it is clear that some witnesses would incur significant costs regardless of which forum adjudicates the instant dispute.

The remaining private interest factors are neutral to both fora.

## 2. Public Interest Factors

Defendants' sole public interest argument is that this Court would need to apply Croatian law in this case. See Defs. Br., Dkt. No. 26-1, at 17; see also Agency Agreement, attached as Ex. A to First Am. Compl., Dkt. No. 11-1, art. 24. This factor favors dismissal. See Bhatnagar, 52 F.3d at 1226 n.5; Lacey I, 862 F.2d at 48; Kultur, 860 F. Supp. at 1069. The Supreme Court and Third Circuit have held, however, that the need to apply foreign law alone is insufficient to warrant

dismissal.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 n.29 (1981); Hoffman v. Goberman,

420 F.2d 423, 427 (3d Cir. 1970).[6]

The remaining public interest factors strongly disfavor dismissal.  First, while this Court

has concluded Croatia is an acceptable alternative forum, it appears that court congestion is much

greater in the Croatian commercial courts.  Second, New Jersey has a strong interest in adjudicating

this dispute because NCC is a New Jersey corporation, the Agency Agreement was executed in

New Jersey,[7] NCC performed its obligations in New Jersey, and NCC's injuries were felt in this

state.  See Declaration of Davor Gjivoje, Jr. in Opposition to Defendants' Motion to Dismiss on

Forum Non Conveniens Grounds, Dkt. No. 36-1 ¶¶ 3-6; Kultur, 860 F. Supp. at 1068 (recognizing

New Jersey's "interest in providing a forum for its residents who fall victim to the wrongful

activities of nonresident corporations entering the state"); C.I.N. Constr., Inc. v. Hunt Constr. Grp.,

No. 08-5810, 2009 U.S. Dist. LEXIS 85519, at *24, *27 (D.N.J. Aug. 20, 2009) (finding that the

center of gravity of the parties' dispute over payments allegedly withheld from a company

performing its obligations in New Jersey was New Jersey and stating "New Jersey has an interest

in trying a case involving allegations that one of its citizens was the victim of a breach of contract")

(quotation and citation omitted); see also L.G. Elec., Inc. v. First Int'l Computer, Inc., 138 F. Supp.

2d 574, 592 (D.N.J. 2001); McCraw v. GlaxoSmithKline, Civ. No. 12-2119, 2014 WL 211343, at

---

[6] NCC argues Defendants should be precluded from relying on the Court's need to apply foreign law to support their motion.  See Pl. Opp'n Br., Dkt. No. 37, at 34-35.  This issue is not reached as, even accepting Defendants' argument, this Court concludes Defendants have failed to satisfy their burden.

[7] While Defendants have represented that OU executed the Agency Agreement in Croatia, NCC has provided the Court with photographs proving both parties executed the Agency Agreement in New Jersey.  See Declaration of Davor Gjivoje, Jr. in Support of Plaintiff's Motion to Strike, or in the Alternative Request for Permission to File a Sur-Reply, Dkt. No. 39-2 ¶¶ 5-7.

*6 (E.D. Pa. Jan. 17, 2014).   Additionally, while NCC represents that the Foreign Sovereign Immunities Act mandates a bench trial, even if the case would be decided by a jury, a New Jersey jury would have an interest in adjudicating this matter.

### 3.   Balancing the Private and Public Interests

As set forth above, Defendants have not established that the private and public interest factors, even when affording NCC's forum selection less deference, outweigh NCC's choice of this forum such that dismissal is warranted.

### IV.   CONCLUSION

As Defendants have failed to satisfy their burden, Defendants' motion to dismiss on *forum non conveniens* grounds [Dkt. No. 26] is **DENIED.**   An appropriate form of order accompanies this Opinion.


**Dated:  September 23, 2014**                               <u>*s/ Susan D. Wigenton*</u>
                                                              **United States District Judge**


Orig:   Clerk
cc:      Parties
          Magistrate Judge Arleo